UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Yong Jie Li,

           Plaintiff,

–v–

Yoshi New York, Inc., et al.,

           Defendants.

15-cv-1643 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On August 18, 2015, the Court held a hearing on an order to show cause for a default judgment in this case. Although the Court declined to issue a default judgment at the hearing, as there was uncertainty as to whether Defendants had been put on notice of the hearing, the Court nonetheless explained that it "found the damages and fees that [Plaintiff] seek[s] to be reasonable and would intend to . . . enter [Plaintiff's proposed] judgment" unless "the defendants appear and justify their absence." Tr., Dkt. No. 15, at 4. In support of the proposed default judgment order, Plaintiff submitted an affidavit and a damages worksheet indicating that he is entitled to, among other damages, $13,789.51 in back pay, as well as the same amount in liquidated damages under *both* the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL).

    Since the August 18 hearing, it has come to the Court's attention that there is significant authority in this district holding that a FLSA plaintiff cannot recover liquidated under both FLSA and the NYLL, in light of recent amendments to the NYLL. *See Inclan v. N.Y. Hospitality Grp., Inc.*, 95 F. Supp. 3d 490, 560 (S.D.N.Y. 2015) ("Even assuming there were once a plausibly substantive distinction between liquidated damages under the FLSA and NYLL, the recent amendments to the NYLL have undermined the basis for such a distinction."); *see also Santana v. Brown*, No. 14-CV-4279 (LGS), 2015 WL 4865311, at *5 (S.D.N.Y. Aug. 12, 2015) ("The

1

changes in the NYLL's liquidated damages provision have rendered any distinction between the FLSA liquidated damages (as 'compensatory') and the NYLL liquidated damages (as 'punitive') largely illusory."); *Garcia v. JonJon Deli Grocery Corp.*, No. 13-CV-8835 (AT), 2015 WL 4940107, at *6 (S.D.N.Y. Aug. 11, 2015) ("As the standards for liquidated damages under both statutes have now coalesced, there is no longer a rationale for cumulative recovery."); *McGlone v. Contract Callers Inc.*, No. 11-CV-3004 (JSR), 2015 WL 4425895, at *2 (S.D.N.Y. July 20, 2015) (disallowing cumulative liquidated damages recovery "especially in light of the . . . amendments to the NYLL liquidated damages provision").

Accordingly, Plaintiff is ORDERED to file on ECF by December 22, 2015, either a brief of no more than five pages explaining why the Court should not follow the authority cited above or a revised proposed default judgment order, accompanied by a new damages calculation worksheet.

SO ORDERED.

Dated: Dec 16, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge